IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EVERETT D. TURNER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 05-716 |
| v. | : | TRIAL BY JURY DEMANDED |
| | : | |
| WILMINGTON POLICE DEPARTMENT, | : | |
| | : | |
| Defendant. | : | |

## ANSWER

### PARTIES

1.  Admitted upon information and belief.

2.  Admitted in part; denied in part. It is admitted the Wilmington Police Department is a division of the City of Wilmington Department of Public Safety. It is also admitted that Plaintiff was employed in the Wilmington Police Department at all times relevant to this Complaint. It is denied that Defendant is subject to service of process through the Director of Public Safety.

### JURISDICTION

3.  This averment states a legal conclusion to which no response is required. To the extent that a response is required, it is admitted that the statutory authorities cited in this averment confer this Court's jurisdiction over the federal causes of action set forth in Counts I and IV of the Complaint. It is denied that this averment cites any statutory authorities that confer this Court's jurisdiction over the federal cause of action set forth in Count II of this Complaint, as required by Fed.R.Civ.P. (8)(a)(1). It is denied that this averment cites any statutory authorities that confer this Court's jurisdiction over the state cause of action set forth in Count III of this Complaint, as required by Fed.R.Civ.P. (8)(a)(1).

**FACTUAL BACKGROUND**

4. Admitted.

5. Denied as stated. It is admitted that Lt. Rock was assigned to the Community Police Division F Platoon. As to Plaintiff's misleading allegation that Lt. Rock was Plaintiff's supervisor, Defendant states that Sgt. Corey Staats was Plaintiff's immediate, first line supervisor, and Lt. Rock was the mid-level, second tier supervisor of Sgt. Staats.

6. Admitted.

7. Admitted.

8. Denied as stated. Defendant denies that Plaintiff was subject to racial slurs and epithets during roll call. Defendant denies that Lt. Rock ever called Plaintiff the name "Mother Fucker." Defendant admits that Lt. Rock may have called Plaintiff the name "Blank", but only in a jovial and cordial matter. By way of further explanation, "Blank" is a racially neutral slang term meaning "knucklehead".

9. Denied.

10. Denied.

11. Denied.

12. Defendant admits that Lt. Rock may have said "Is that my fucking clipboard" and "Give me my fucking clipboard." Defendant denies the balance of the averment.

13. Defendant is without sufficient information to admit or deny whether Plaintiff stated that he would not attend the holiday party. Defendant is without sufficient information to admit or deny that Lt. Rock made the statement quoted in this averment. Defendant admits that Plaintiff did not attend the holiday party. Defendant is without any information to admit or deny Plaintiff's purported motivation for not attending the holiday party.

14.  Denied.

15.  Admitted.

16.  Denied.

17.  Admitted that Plaintiff was assigned to work with Officer Gifford in the 11th District area. It is denied that Plaintiff worked with Officer Gifford for approximately two and a half weeks. By way of further explanation, the exact dates of Plaintiff's assignment to the 11th District were between January 14 and January 27, 2004, which is less than two weeks. Defendant is without sufficient information to admit or deny the balance of the averment.

18.  Defendant admits that Plaintiff was replaced by Fray Lynch, who is the same race as Plaintiff.

19.  Admitted.

20.  Admitted.

21.  Denied.

22.  Defendant does not have sufficient information to admit or deny this averment.

23.  Admitted in part; denied in part. It is admitted that Sgts. Elliot and Barnes went to Plaintiff's residence on February 11, 2004, to advise Plaintiff of Inspector Wright's intent to interview Plaintiff with regard to the Departmental Information Report that Plaintiff submitted. It is denied that Plaintiff informed them that he would be happy to meet with Inspector Wright, and it is further denied that Plaintiff stated that he did not want to be interviewed at the police station for any reason. By way of further explanation, several attempts were made to arrange the interview with Inspector Wright, and Plaintiff declined to be interviewed. Thereafter, Inspector Wright advised Plaintiff that his failure to submit to an interview would result in a conclusion of the investigation of Plaintiff's complaint based on reports and interviews conducted as of that

date.  Thereafter, Plaintiff agreed to submit to the interview by Inspector Wright that took place on February 23, 2004.

24. Admitted.

25. Admitted.

26. Denied as stated.  Defendant admits that Captain Maggitti called Plaintiff on the dates stated in this averment, but denies that Captain Maggitti called Plaintiff "several times", as the averment states.  Defendant admits that Plaintiff asked Captain Maggitti to submit a First Report of Injury.  Defendant denies that Captain Maggitti informed Plaintiff that the claim was not work-related and/or that a First Report of Injury was not needed.  By way of further explanation, Captain Maggitti informed Plaintiff that he (Maggitti) was not aware of whether the claim was work-related, and was therefore not aware of whether a First Report of Injury would be the proper protocol.

27. Defendant is without sufficient information to admit or deny this averment.

28. Admitted.

29. Denied as stated.  By way of further explanation, Defendant states that Captain Maggitti promptly submitted the First Report of Injury after confirming that such a report could be a proper protocol for Plaintiff's claimed injury.  Defendant admits that Captain Maggitti also informed Plaintiff that he would have to comply with the Family and Medical Leave Act.

30. Admitted.

31. Defendant is without sufficient information to admit or deny this averment.

32. Defendant is without sufficient information to admit or deny this averment.

33. Admitted.  By way of further explanation, this conversation took place prior to Dr. Raskin's medical report of April 21, 2004, which opined that Plaintiff was not fit to return to his

duties as a police officers.

34.     It is admitted that Plaintiff contacted Captain Maggitti and told him the he was ready to return to work.  Defendant does not have any information to admit or deny the conversation between Plaintiff and his family doctor.

35.     Defendant admits that the charges were filed.  Defendant denies the veracity of the charges and any other allegations of race discrimination, age discrimination, or retaliation.

36.     Admitted.

37.     Defendant does not have sufficient information to admit or deny this averment.

38.     Denied as stated.  It is admitted that Captain Maggitti forwarded Dr. Raskin's report and also discussed the report with Plaintiff.  The balance of the averment is denied.  By way of further explanation, it was Plaintiff who expressed his disagreement with Dr. Raskin's conclusions about Plaintiff's fitness for duty.  In response to Plaintiff's expression of his disagreement with Dr. Raskin's findings, Captain Maggitti advised Plaintiff that he (Plaintiff) was free to select another mental health professional for a second opinion of Dr. Raskin's findings.  Upon information and belief, Plaintiff subsequently consulted another mental health professional, Jane G. Anderson, LCSW, BCD, who concurred with Dr. Raskin's conclusion that Plaintiff was unfit to return to his duties as a police officer.

39.     Denied as stated.  By way of further explanation, during April of 2004, but prior to receiving Dr. Raskin's April 21 report, Captain Maggitti reminded Plaintiff that he was close to depleting his sick, vacation and compensatory time.  The balance of the averment is denied.

40.     Defendant does not have sufficient information to admit or deny this averment.

41.     Admitted.  By way of further explanation, Plaintiff was reimbursed in the amount of $10,643.01 for temporary total disability benefits from January 27 to June 21, 2004.

42. Defendant is without sufficient information to admit or deny this averment.

43. Defendant admits that Plaintiff contacted Gary Hutt in May of 2004. Defendant is without sufficient information to admit or deny the balance of the averment.

44. Admitted.

45. Admitted in part. It is admitted that Captain Maggitti received a note written by Dr. Padmalingam stating that Plaintiff was unable to function as a police officer at that time. Defendant does not have sufficient information to admit or deny any averments relating to conversations between Plaintiff and Dr. Padmalingam.

46. Admitted.

47. Admitted.

48. Admitted in part; denied in part. It is admitted that Plaintiff received a letter from Captain Maggitti setting forth the three conditions enumerated in this averment. Defendant denies Plaintiff's selective and misleading abbreviation of the remainder of the letter.

49. Denied. By way of further explanation, Dr. Anderson did send a letter dated January 30, 2005, which stated that Plaintiff could not return to work as a police officer, but the letter was addressed to Captain Maggitti, not Dr. Senu-Oke. The letter did not state any concerns about Lt. Rock's behavior. The letter did not confirm that Plaintiff was still under Dr. Anderson's care.

50. Admitted.

51. Admitted.

52. Admitted.

53. Defendant does not have sufficient information to admit or deny this averment.

## FIRST CAUSE OF ACTION
### (Racial Discrimination)

54. The answers contained in paragraphs 1 through 53 are restated and incorporated herein by reference.

55. Denied in full. By way of further explanation, Plaintiff, who is black, was replaced by Fray Lynch, who is also black. Sgt. Corey Staats, who is also black, made the decision to transfer Plaintiff out of the 11th District.

56. Defendant is without sufficient information to admit or deny whether Plaintiff experienced any conscious pain, suffering or any other emotional harm. If such averment is proven, Defendant denies that any conscious pain, suffering or any other emotional harm was caused by Defendant.

57. Denied. By way of further explanation, there is no co-defendant in this lawsuit to whom or from whom Defendant's conduct can be imputed.

58. Denied. Defendant is without sufficient information to admit or deny that Plaintiff suffered any of the damages set forth in this averment. If such damages are proven, Defendant denies that such damages were the direct and/or proximate cause of any acts or omissions of Defendant or any of the individuals named in the body of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION
### (Age Discrimination)

59. The answers contained in paragraphs 1 through 58 are restated and incorporated herein by reference.

60. Denied.

61. Denied.

62. Denied.

## THIRD CAUSE OF ACTION
### (Violation of 19 Del.C. § 711)

63.     The answers contained in paragraphs 1 through 62 are restated and incorporated herein by reference.

64.     Denied.

65.     Denied.

66.     Denied.

## FOURTH CAUSE OF ACTION
### (Title VII - Retaliation)

67.     The answers contained in paragraphs 1 through 66 are restated and incorporated herein by reference.

68.     Denied in full and as to each sub-part.

69.     Denied.

70.     Denied.

71.     Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

72.     Plaintiff's Complaint fails to set forth a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

73.     Defendant is not a juridical entity that has the capacity to be sued.

### THIRD AFFIRMATIVE DEFENSE

74.     Plaintiff has failed to join all necessary parties, in contravention of Fed.R.Civ.P. 19(a)

### FOURTH AFFIRMATIVE DEFENSE

75.     Insufficiency of service of process, in contravention of Fed.R.Civ.P. 4(j)(2).

**FIFTH AFFIRMATIVE DEFENSE**

76. Lack of service of process, in contravention of Fed.R.Civ.P. 4(j)(2).

**SIXTH AFFIRMATIVE DEFENSE**

77. Nineteen Del.C. § 711 does not create a federal cause of action for which this Court has jurisdiction.

**SEVENTH AFFIRMATIVE DEFENSE**

78. Plaintiff's has failed to comply with Fed.R.Civ.P. 8(a)(1) by omitting to set forth a jurisdictional basis for Counts II and III.

**EIGHTH AFFIRMATIVE DEFENSE**

79. The actions and conduct of Defendant were undertaken without malice or discriminatory intent and in the good faith performance of its official duties.

**NINTH AFFIRMATIVE DEFENSE**

80. The actions and conduct of Defendant were consistent with the City of Wilmington's equal employment opportunity policy.

**TENTH AFFIRMATIVE DEFENSE**

81. Plaintiff is not entitled to punitive damages, nor is Defendant subject to an award of punitive damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

82. Defendant did not know, or have reason to know, of any of Plaintiff's allegations of discrimination that occurred prior to January 26, 2004.

**TWELFTH AFFIRMATIVE DEFENSE**

83. The actions and conduct of Defendant do not rise to the level of a constitutional or statutory violation, therefore, Plaintiff did not suffer any infringement of his constitutional rights

or rights secured by any federal or state statute.

### THIRTEENTH AFFIRMATIVE DEFENSE

84. Defendant took reasonable care to prevent any acts of discrimination and/or retaliation.

### FOURTEENTH AFFIRMATIVE DEFENSE

85. Plaintiff failed to take advantage of any corrective and/or preventative opportunities made available by Defendant with regard to any alleged acts of discrimination and/or retaliation.

### FIFTEENTH AFFIRMATIVE DEFENSE

86. Defendant is not vicariously liable for any alleged acts of discrimination committed by any individuals named in the Complaint, even if proven.

### SIXTEENTH AFFIRMATIVE DEFENSE

87. None of the allegations set forth in Plaintiff's Complaint constitutes a "materially adverse change" in Plaintiff's employment.

### SEVENTEENTH AFFIRMATIVE DEFENSE

88. None of the allegations set forth in Plaintiff's Complaint constitutes a "tangible employment action."

### EIGHTEENTH AFFIRMATIVE DEFENSE

89. The Police Retirement List described in Paragraph 51 of Plaintiff's Complaint is a part of a retirement plan authorized by 29 § U.S.C. 623(l).

### NINETEENTH AFFIRMATIVE DEFENSE

90. 1 Wilm.C. § 39-126 vests the Chief of Police with the authority to place on the pension/ retirement list any police officer who is medically unfit to perform the duties of a police officer.

### TWENTIETH AFFIRMATIVE DEFENSE

91. Plaintiff failed to make written application to the Chief of Police of any objections to

being placed on the retirement list that is described in Paragraph 51 of Plaintiff's Complaint

## TWENTY-FIRST  AFFIRMATIVE DEFENSE

92.    Plaintiff is not qualified for any of the job positions that he seeks/sought.

## TWENTY-SECOND  AFFIRMATIVE DEFENSE

93.    Plaintiff was not a member of the protected class of the ADEA prior to January 12, 2004.

## TWENTY-THIRD  AFFIRMATIVE DEFENSE

94.    Plaintiff has failed to exhaust administrative remedies for Count II.

## TWENTY-FOURTH  AFFIRMATIVE DEFENSE

95.    Plaintiff was not a member of the age group of protected class of 19 Del.C. § 710(1) prior to January 12, 2004.

## TWENTY-FIFTH  AFFIRMATIVE DEFENSE

96.    Plaintiff was treated similarly to police officers under the age of 40.

## TWENTY-SIXTH  AFFIRMATIVE DEFENSE

97.    Plaintiff's age was not a "determining factor" in any of the personnel decisions that form the basis of Counts II and/or III of Plaintiff's Complaint.

## TWENTY-SEVENTH  AFFIRMATIVE DEFENSE

98.    All actions taken by Defendant were job related and consistent with a business necessity.

## TWENTY-EIGHTH  AFFIRMATIVE DEFENSE

99.    Any allegations of age discrimination occurring prior to December 12, 2004 are barred by the statute of limitations codified in 19 Del.C. § 712(c).

## TWENTY-NINTH  AFFIRMATIVE DEFENSE

100.    Nineteen Del.C. § 2304 is Plaintiff's exclusive remedy for his claims of work-related stress.

### THIRTIETH AFFIRMATIVE DEFENSE

101. Defendant tendered an accord and satisfaction for all of Plaintiff's claims arising from work-related stress.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

102. Defendant's liability, if any, is limited by 10 Del. C. §4013.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

103. Plaintiff has failed to mitigate his damages, if any.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

104. Plaintiff's state law claims, if any, are barred by 10 Del. C. §4011.

**WHEREFORE**, Defendant prays that this Honorable Court dismiss Plaintiff's Complaint, assess costs and reasonable attorney's fees against Plaintiff and order such other relief as this Court deems appropriate.

/s/ Alex J. Mili, Jr.
Alex J. Mili, Jr., Esquire (DE Bar I.D. #4125)
Assistant City Solicitor
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
Attorney for Defendant Wilmington Police Department

Dated: November 23, 2005