# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **EVERETT D. TURNER,** | : |
| | : |
| **Plaintiff,** | : C.A. NO. 05-716(GMS) |
| | : |
| v. | : |
| | : **JURY TRIAL DEMANDED** |
| **WILMINGTON POLICE DEPARTMENT,** | : |
| | : |
| **Defendant.** | : |

## JOINT STATUS REPORT

Pursuant to this Honorable Court's Order dated February 6, 2006, the hereby jointly submit the following status report in anticipation of the scheduling conference set for February 22, 20006 at 2:45 p.m.:

1. **Jurisdiction and Service.** The Court has subject matter jurisdiction, all parties are subject to the Court's jurisdiction and no party remains to be served. Defendant does not waive any defenses as to jurisdiction or service of process that were pled in Defendant's Answer.

2. **Substance of the Action.** Plaintiff, Everett Turner, an employee of the Wilmington Police Department, filed this action in the United States District Court in and for the District of Delaware on October 5, 2005. On November 23, 2005, the Defendant filed its Answer to the Complaint. Plaintiff's action is for racial discrimination, age discrimination and retaliation. Plaintiff alleges that Defendant violated and continues to violate 42 U.S.C. §2000(e)-2(a) and 3(a), ADEA, and 19 Del. C. §711. The basis for the action is that Defendant

discriminated against Plaintiff, an African American employee, and then retaliated against him for his complaints.

    3.    **Identification of Issues.**

        A.    Whether the employment practices of Defendant deprived Plaintiff of equal employment opportunities because of his race?

        B.    Whether the practices of Defendant caused Plaintiff to experience conscious humiliation, pain and suffering, and other emotional harm?

        C.    Whether Plaintiff suffered and continues to suffer a loss of income, distress, humiliation, great expense and damages to his reputation?

        D.    Whether Plaintiff's age was a determining factor in Defendant's decision to transfer him?

        E.    Whether Defendant's employment practices were intentional and done with malice and/or reckless indifference to Plaintiff's rights?

        F.    Whether Defendant intentionally and maliciously discriminated against Plaintiff in retaliation for his complaints in violation of Plaintiff's rights?

        G.    Whether Defendant intentionally and maliciously discriminated against Plaintiff when it denied Plaintiff promotions and transfer requests despite his qualifications?

        H.    Whether Defendant intentionally and maliciously discriminated against Plaintiff when it forced Plaintiff to work in a hostile work environment?

    I. Whether Defendant intentionally and maliciously discriminated against Plaintiff when it refused to reinstate Plaintiff to his position?

    J. Whether Defendant took reasonable care to prevent any acts of discrimination and/or retaliation?

    K. Whether Plaintiff failed to take advantage of any corrective and/or preventative opportunities made available by Defendant with regard to any alleged acts of discrimination and/or retaliation?

    L. Whether Defendant is vicariously liable for any alleged acts of discrimination committed by any individuals named in the Complaint?

    M. Whether any of the allegations set forth in Plaintiff's Complaint constitute a materially adverse change in Plaintiff's employment?

    N. Whether any of the allegations set forth in Plaintiff's Complaint constitute a tangible employment action?

    O. Whether any of the actions taken by Defendant were job related and consistent with a business necessity?

  4. **Narrowing of Issues.** Both parties agree that certain issues may be narrowed during the course of discovery.

  5. **Relief.** Plaintiff in this action seeks damages for a loss of: front pay, benefits (both retroactively and prospectively), rank advancement, emotional distress, compensatory damages, punitive damages, reasonable attorney's fees, the cost of this litigation, pre- and post- judgment interest and other further relief as may be provided by law.

6. **Amendment of Pleadings.** Plaintiff and Defendants reserve the right to amend the pleadings as discovery may reveal additional factual information. No amendments to the pleadings are currently being considered.

7. **Joinder of Parties.** No other parties need to be joined. Defendant does not waive any affirmative defenses that were pled in Defendant's Answer relating to joinder of parties.

8. **Discovery.** The Parties believe that discovery can be completed within six months.

9. **Estimated trial length.** Trial should take four (4) days. The parties will endeavor to reduce the length of trial by entering into stipulations as necessary.

10. **Jury trial.** A jury trial has been demanded by Plaintiff.

11. **Settlement Negotiations.** None at this time.

12. **Other Matters.** None.

13. Counsel for Plaintiff and Counsel for Defendant certify that they have conferred about each of the above matters.

Counsel remain available to discuss the matters in more detail at the request of this Honorable Court.

| | |
|---|---|
| **CITY OF WILMINGTON**<br>**LAW DEPARTMENT**<br>/s/ Alex J. Mili, Jr.<br>Alex J. Mili, Jr., Esquire (#4125)<br>City of Wilmington Law Department<br>City/County Building, 9th Floor<br>800 North French Street<br>Wilmington, Delaware 19801-3537<br>Attorney for Defendant<br>DATE: February 15, 2006 | **MARGOLIS EDELSTEIN**<br>/s/ Jeffrey K. Martin<br>Jeffrey K. Martin, Esquire (#2407)<br>1509 Gilpin Avenue<br>Wilmington, DE 19806<br>(302) 777-4680<br>(302) 777-4682<br>Attorney for Plaintiff |