IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EVERETT D. TURNER, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 05-716 |
| | : | |
| v. | : | TRIAL BY JURY DEMANDED |
| | : | |
| | : | |
| CITY OF WILMINGTON, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

For the reasons stated in the accompanying Opening Brief in Support of Defendant's Motion for Summary Judgment, and there being no disputed issues of any material facts, Defendant City of Wilmington hereby moves this Honorable Court to issue an Order granting summary judgment in favor of Defendant based on the following three grounds:

1)   With regard to Plaintiff's claim of a racially hostile work environment under Title VII, there are no facts on the record that would support the five elements of a hostile work environment. Therefore, the City is entitled to judgment as a matter of law for any one of the following four reasons. First, Plaintiff has not adduced evidence of any intentional race-based discrimination. Second, Plaintiff has not adduced evidence of any conduct that was severe or pervasive. Third, Plaintiff has not adduced evidence of any conduct that would be objectively detrimental to a reasonable person in Plaintiff's position. Fourth, Plaintiff has not adduced evidence to support Defendant's respondeat superior liability for conduct about which Plaintiff complains. Because Plaintiff has not adduced evidence to support these essential elements for which he bears the burden of proof, Defendant is entitled to judgment as a matter of law on Count I.

2)   With regard to Plaintiff's claim of age discrimination, Plaintiff has not adduced any

direct evidence under the *Price Waterhouse* test or any indirect evidence under the *McDonnell Douglas* test. Plaintiff has also failed to adduce any evidence that would rebut Defendant's non-discriminatory reason for the employment decision that Plaintiff perceives as discriminatory. Because Plaintiff has not adduced evidence to support his prima facie claim or his ultimate burden of disproving Defendant's non-discriminatory justification, Defendant is entitled to judgment as a matter of law on Counts II and III.

3) With regard to Plaintiff's retaliation claim, Plaintiff has not adduced any evidence of an adverse employment action or a causal nexus to any protected activity, both of which are required for Plaintiff's initial burden of establishing a prima facie case. Plaintiff has also failed to adduce any evidence that would rebut Defendant's non-discriminatory reason for the employment decision that Plaintiff perceives as retaliatory. Because Plaintiff has not adduced evidence to support his prima facie claim or his ultimate burden of disproving Defendant's non-discriminatory justification, Defendant is entitled to judgment as a matter of law on Count IV.

WHEREFORE, Defendant City of Wilmington respectfully requests that the Court enter an Order granting summary judgment in favor of Defendant and dismissing Plaintiff's Complaint with prejudice.

        /s/ Alex J. Mili, Jr.
Alex J. Mili, Jr., Esquire (I.D. #4125)
Senior Assistant City Solicitor
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
Attorney for Defendant

Date:   September 1, 2006