IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EVERETT D. TURNER, | : | |
| | : | |
| Plaintiff, | : | C.A. NO. 05-716 (GMS) |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| CITY OF WILMINGTON, | : | |
| | : | |
| Defendant. | : | |

**MOTION FOR CONTINUANCE OF TRIAL DATE
BASED UPON CONSTITUTIONALLY FLAWED JURY SELECTION PROCESS**

1. The above-captioned matter encompasses a racial discrimination claim.

2. Trial in this matter is scheduled for March 26, 2007.

3. Plaintiff's counsel recently learned as a result of trial in the matter of *Kenneth A. Boyd v. City of Wilmington*, C.A. No. 05-178 (KAJ; now SLR) that there is a serious procedural deficiency in the jury selection process for the U.S. District Court for the District of Delaware. This deficiency results in the Court having jury venires that are not representative of the population at large. In particular, the number of potential African American jurors appears to be significantly below the population of African Americans in the State of Delaware.

4. Plaintiff's counsel made inquiry following the Boyd verdict and learned that the jury selection process in Delaware, while seemingly well intentioned, effectively results in under-representation of African Americans on the jury venires.

5. The Jury Selection and Service Act of 1968 provides that it is the policy of the United States that all litigants in federal courts entitled to a trial by jury have a right to

1

grand and petit juries selected at random from a *fair cross-section of the community* or the division wherever the Court convenes. 28 U.S.C. § 1861.

6. Under the Constitution, a jury of one's peers means a fair sampling of a cross-section of the vicinage in which the case is to be tried. To satisfy this requirement, petit juries must be drawn from a source *fairly representative* of the community. *Henry v. State Farm Ins. Co.*, 788 F. Supp. 241, 244 (E.D. Pa. 1992).

7. The jury wheels, pools of names, panels or venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof. *Taylor v. Louisiana*, 419 U.S. 522, 538 (1975).

8. The U.S. Supreme Court has held that in order establish a violation of the fair cross-section requirement of the Seventh Amendment, a plaintiff must show (i) that the group alleged to be excluded is a "distinctive" group in the community; (ii) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (iii) that this under-representation is due to systematic exclusion of the group in the jury-selection process. *Duren v. Missouri*, 439 U.S. 357, 364 (1979).

9. Undersigned counsel reviewed the Jury Plan for this district as well as spoke with Jury Administrator John Trickey on several occasions in October 2006. *See* Jeffrey K. Martin Affidavit attached as Exhibit 1. Mr. Trickey advised that out of 10,000 Juror Qualification Questionnaires sent out, the Court receives between 1,000 and 1,200 qualified candidates. *See* Jury Plan attached as Exhibit 2.

10. Professor Thomas Ilvento, the Chair of the Department of Food & Resources Economics at the University of Delaware, has opined that when a response rate of 10% to 12% exists as in the return of the Jury Qualification Questionnaires, the risk of obtaining a biased sample of fewer minorities in a sample pool greatly increases. *See* Ilvento Affidavit attached hereto as Exhibit 3. Professor Ilvento has also opined that the non-response rates for minorities are substantially greater than the non-response for white non-Hispanic. According to the U.S. Government study of non-response to a single mailing of the 1990 Census of Population, a survey that requires response under penalty of law, non-response rates to the mailed Census survey for blacks was 43.4% which was nearly double the rate for white, non-Hispanics (22%). This information is found at http://www.census.gov/population, www.documentation/twps0019.html; David L. Word, *U.S. Census Bureau Who Responds/Who Doesn't? Analyzing Variation in Mail Response Rates During the 1990 Census.*

11. The Jury Plan's process of selecting jurors based solely upon whether the prosective juror responds to the Jury Qualification Questionnaire form creates a biased sample with minorities, specifically African Americans, being significantly under-represented in the sample jury pool. *See* Ilvento Affidavit.

12. It is undersigned counsel's belief that the under-representation of African Americans in federal court juries has been acknowledged by some members of the United States District Court.

13. It is undersigned counsel's belief that Plaintiff, an African American male, may not receive a fair trial based upon the current method of jury selection resulting in an under-representation of African Americans in the jury venire.

14. The substance of this motion to continue the trial date was discussed with counsel for defendant prior to the filing of this motion. Defense counsel, Alex Mili, agrees with Plaintiff's request for a continuance of the trial date.

WHEREFORE, Plaintiff respectfully requests that the Court grant a continuance of the trial date now scheduled for March 26, 2007 until such time as a revised system providing for a fair cross-section of all members of the Delaware community be implemented by the U.S. District Court.

**MARGOLIS EDELSTEIN**

*/s/ Jeffrey K. Martin*
_____

Jeffrey K. Martin (Del Bar # 2407)
Lori A. Brewington (Del. Bar #4522)
1509 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 777-4680
Fax: (302) 777-4682)
Attorneys for Plaintiff

Dated: December 22, 2006